UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:

LESLIE ROAD ASSOCIATES, LLC,                    Case No. 24-11106-SMG

Debtor.                               Chapter 7

_____/

### DEBTOR'S VERIFIED RESPONSE TO MOTION OF RICHARD AND FRANCES HILL TO TRANSFER VENUE OF THIS CASE

Debtor, Leslie Road Associates, LLC, by and through its undersigned counsel, files this Verified Response to Motion of Richard and Frances Hill to Transfer Venue of this Case, and states:

1.      Debtor filed its petition for relief on February 3, 2024.  Frank Zokaites, under penalty of perjury listed Debtor as being domiciled in Florida.

2       Debtor filed its petition for relief on February 3, 2024.  Frank Zokaites, who listed himself as the only authorized representative of the Debtor, is domiciled in Florida since 2009.

3.      On March 13, 2024, the undersigned counsel filed an amended petition and amended schedules that corrected and clarified the status of the Debtor.  Then, on March 17, the undersigned filed an ex parte motion to amend the petition.

4.      The amended petition is signed by Frank Zokaites as an authorized representative of Debtor and by the undersigned as counsel of the Debtor.

5.      In the amended schedules, it is clear that the Debtor does not own any real property, or any other valuable property, in Pennsylvania.

6.      A Rule 341 Meeting of Creditors was conducted in this jurisdiction by Zoom on March 5, 2024, and was attended only by Debtor and Florida counsel for Movants Richard and Frances Hill, which Movant's counsel did not question Debtor at all.

### MOVANTS BAD FAITH BEHAVIOR

7.      On March 1, 2024, Movants filed their Motion to Transfer Venue of This Chapter 7 Case to a forum that may be more convenient only for them.

8.      The forum proposed by Movants is Pittsburgh, Pennsylvania where Movants, who possess an unliquidated, disputed, and contested claim, reside.

9.      On February 6, 2024, upon receiving the noticed Suggestion of Bankruptcy of

Debtor's bankruptcy case that was filed in the Allegheny County, Pennsylvania Common Pleas Court, Movant immediately violated the automatic stay by filing a Motion to Strike Debtor's Suggestion of Bankruptcy.

10.     Movant's filing in the Pennsylvania state court was transmitted with an email to the judge stating:

Judge Klein,
     Attached please find a Motion to Strike filed this afternoon.   The remedies required for the conduct at issue include an injunction and criminal prosecution so we view this as an emergency motion and, therefore, we request an immediate argument.  As always, we appreciate the Court's assistance.
Jon R. Perry
Rosen & Perry

11.     Movant's motion in Pennsylvania state court asked for the imposition of an injunction against Debtor, an order that the Debtor was in contempt of court, and for monetary penalties against Debtor.

12.     In mid-November, as ongoing discovery in the Pennsylvania state court case, Debtor provided more than 250 pages of financial information and its recent tax returns to Movant, under an agreement that Movant would copy those documents and immediately return same to the Debtor.  Despite several requests to do so, Movant has yet to return Debtor's property.  Debtor subsequently located copies of the subject tax returns in its records in Broward County.

13.     Movant in its Motion to Transfer Venue falsely and repeatedly stated that they hold a multimillion-dollar judgement against Debtor.  This statement is false; no judgement of any sort has been issued in the Pennsylvania state court case.  Movant therefore has nothing more than an unliquidated and contested claim.

14.     Because of Movant's repeated bad faith, false statements to this Court, blatant violation of the automatic stay, and unauthorized retention of the Debtor's property, the motion to transfer should be denied at the outset due to Movant's bad faith actions.

## APPROPRIATE VENUE IN IS FLORIDA

15.     The forum selected by Debtor complies with the requirements of 28 U.S.C. § 1408 which states in pertinent part that the Debtor may file for relief where the Debtor or the majority of Debtor's assets were located for the better part of the preceding six (6) months.

16.     Debtor is now domiciled in Broward County, Florida, not Pennsylvania, which is the location of all of Debtor's business records that were previously maintained at the Debtor's former business address in Pennsylvania which also once served as Debtor's authorized representative's primary residence.  These records comprise substantially all of Debtor's assets, and they are now maintained at Debtor's authorized representative's primary residence in Broward County, Florida.

17.     Debtor's authorized representative is its former president who is domiciled in Broward County, Florida.

18.     Debtor is in fact without funds to transport its records to Pennsylvania or to hire bankruptcy or state court counsel in Pennsylvania, to address the vexatious litigations tactic wrought by its single antagonistic creditor who has already obtained competent bankruptcy counsel in Florida.

19.     In fact, Debtor's only monetary asset in addition to its business records consists of its interest in its undersigned Florida counsel's prepaid legal services.

20.     Movant already has copies of all of these business records in its possession because Debtor sent copies of all of these business records to Movant during the course of the state court litigation upon Movant's promise to immediately copy and return them, but said records were never returned to the Debtor.  Because Movant already possesses these documents, it will not need access to documents that are located in Florida.

21.     All of Debtor's other listed creditors except one are taxing authorities which were listed in Debtor's schedules in an abundance of caution but that may or may not file Proofs of Claim, no matter where this case is venued.

## PENNSYLVANIA IS NOT AN APPROPRIATE VENUE

22.     Movant is Debtor's only creditor seeking transfer, but for reasons that are not entirely clear.

23.     The transfer of this case to Pennsylvania is not in the Debtor's or other creditors' best interests; nor is it convenient to Debtor.  In fact, transfer would likely preclude Debtor from obtaining any protection under the bankruptcy code and Debtor believes that Movant's purpose in obtaining a transfer is only so that it can continue to unlawfully harass Debtor.

24.     As stated in the Movant's motion at par. 13, Debtor has not conducted business in Pennsylvania since 2022, long before Debtor filed this case.

25.    Although Debtor was formed as a Pennsylvania limited liability company, it no longer conducts business there, and the authorized representative has represented under oath in a petition for relief that the Debtor and majority of Debtor's assets are and were located in Fort Lauderdale, Florida for most of the six (6) month period prior to filing.

26.    Debtor filed its final income tax return in Pennsylvania in 2022.  It is important to note that in Pennsylvania, unlike Florida, once an entity is registered with the Pennsylvania Department of State, the registration is permanent.  Ongoing fees and reports are not required to maintain the entity as 'active.'

27.    The Debtor did not register with the Florida Department of State when it moved to Florida.  Because the Debtor is not conducting business in Florida, there is no requirement to register.

28.    Debtor's intangible and non-producing oil, mineral and gas rights were abandoned by Debtor in 2021 due to their apparent value being less than the amount of taxes due on same.  Therefore, contrary to Movant's claim, Debtor possessed no assets in Pennsylvania during the six months prior to the filing its Chapter 7 petition.

29.    Contrary to the allegation contained in par. 23 of Movant's motion, Debtor no longer operates as a business and has no "customer lists, mailing lists of other compilations" that might warrant transfer of the case to a jurisdiction where these assets would be located.  All of Debtor's books and records are contained in several 'Bankers Boxes' of documents located here in Florida, in Broward and Monroe County.

30.    The allegedly conflicting interrogatories referred to by Movant's counsel took place more than two years before Debtor filed its petition for relief, and were true and correct at that point in time. Subsequently, the Debtor became domiciled in Florida.

31.    As indicated in the Motion at par. 5, Debtor's Pennsylvania counsel withdrew on January 3, 2024 and the Debtor was permitted thirty (30) days to obtain new counsel.  Debtor instead chose to avail itself of bankruptcy protection and filed this Chapter 7 bankruptcy case.

32.    Furthermore, Debtor selected and is currently represented by pre-paid bankruptcy counsel which is licensed in Florida and is not licensed in Pennsylvania.

### THE COURT SHOULD DEFER TO DEBTOR'S CHOICE OF VENUE

33.    At the outset, 28 U.S.C. § 1408 stands for the proposition that a court must give great weight to a Debtor's selection of venue.

34.     A majority of factors which the Court should assess when evaluating whether it is appropriate to transfer a bankruptcy case based upon venue support the case being administered in the Southern District of Florida, including proximity of the Debtor's authorized representative who is also its chief and likely only witness.

35.     The only other likely bankruptcy witness is Debtor's long-time accountant who is located in Monroe County, Florida.  Movant's proposed alternative venue is more than 1,000 miles away and Debtor lacks any funds with which to transport its accountant to Pennsylvania.

36.     Debtor now conducts its operations from Broward County, Florida, where Movant mailed its Motion to Transfer Venue that was received by the Debtor on Saturday, March 2, 2024 at the location where Debtor's only assets are located in Broward County, Florida.

37.     The Southern District of Florida is best suited to administer the Debtor's estate because the Debtor's business records, its long-time accountant, and its corporate representative are all located in this jurisdiction.

38.     Nor is there any foreseeable ancillary administration needed in Pennsylvania.  The state court case involving Movant is largely concluded, subject only to several post-trial motions, and all of what transpired in the state court are of record.

39.     The Benzalz Prods. Case, ***In re Bensalz Prods., 2022 Bankr. LEXIS 1428 (Bankr. S.D. Fla. 2022),*** relied upon by Creditor is readily distinguishable from this Chapter 7 case, for reasons more fully explained below.

40.     Unlike this case, Benzalz was undoubtedly a bad faith filing cloaked as a reorganization.  Unlike this case, Benzalz's principals were prepared to fund the case to obtain a discharge by means of a Chapter 5 Plan.  Benzalz's records refuted the principals assertion that Benzalz did business in the district where the case was filed, and none of Benzalz's assets were alleged to be located in the filing district.  During the six months preceding the filing, only one ATM transaction occurred at a bank located within the filing district.

## MEMORANDUM OF LAW

41.     First and foremost, in the Creditor's Motion to Transfer **(DE#7),** the Hills mention that this bankruptcy may not have been filed properly, as the individual who signed the Petition and Schedules did not have the authority to do so.  Despite the fact the Hills do not ask the Court to consider this issue at this time, as it has been raised, it is incumbent upon the Debtor to address

this allegation.  Debtor's two former officers authorized Frank Zokaites ("Zokaites") to not only file the instant bankruptcy, but to also retain counsel to do so, on behalf of the Debtor as reflected in the sworn petition for relief.  As such, this supplemental argument made by the Hills was an attempt to taint this proceeding before it even started and should be summarily denied.  Further, the Petition has subsequently been amended, so this point is now moot.

42.     Venue in bankruptcy is governed by 28 U.S.C. § 1408, which states in relevant part: "the appropriate venue for cases under title 11 is the district—(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership."  This principle is undisputed in the instant matter.  Moreover, it is well settled a debtor's choice of venue is shown great deference by Courts.  *Id.*  As such, in its analysis to determine the appropriate venue in this matter, the Court should show great deference to the Debtor's choice of the Bankruptcy Court of the Southern District of Florida as the proper venue.

43.     The only two portions of 28 U.S.C. § 1408 which apply to the instant matter is the location of the Debtor's assets, as well as the residence of the Debtor's principle, both of which is Florida.  Based upon the information in the Debtor's Amended Schedules **(DE#13),** it is evident that the Debtor has not conducted business in Pennsylvania for some time, much less during the relevant time[1].  Accordingly, the principal place of the Debtor's business is irrelevant to this analysis.  However, pursuant to question 26.c.1 of the Debtor's Amended Statement of Financial Affairs **(DE#13),** the Debtor discloses that all of its books and records, including its tax returns, are located in the Southern District of Florida.  Additionally, as can be gleaned from the Debtor's Amended Schedule A/B **(DE#13),** the books and records are the only existing assets of the Debtor and have been since at least 2022.  Finally, the Debtor's books and records have been located in Florida for the greater portion of the one hundred eighty (180) days prior to the petition date, as

---

[1] For this analysis, the only relevant time period is the one hundred eighty (180) days preceding the filing date of the instant Chapter 7 bankruptcy.  The Debtor has had no business operations during this time whatsoever.

evidenced by *the sworn petition for relief*. Based upon this factor alone, venue for the Debtor's Chapter 7 bankruptcy is properly in the Southern District of Florida.

44.    As for the residence of the Debtor's principle, Frank Zokaites, he has resided in the Southern District of Florida since 2009. Although Zokaites moved from Pennsylvania to Florida, he does occasionally travel to Pennsylvania. While Zokaites has a residence in both places, Zokaites is a citizen of the State of Florida and has been in Florida for more than 15 years. Accordingly, as the Debtor's principle resides in Florida, and has for the greater portion of the one hundred eighty (180) days prior to the filing of the instant bankruptcy, venue is appropriate in the Bankruptcy Court for the Southern District of Florida.

45.    In addition to Debtor's long-time accountant being domiciled in Florida, along with Debtor's business records, its counsel who was paid non-refundable retainer, practices in Florida and is not a member of the Pennsylvania Bar.

46.    As the only two portions of the venue statute, which apply to the instant matter, clearly favor the Southern District of Florida as the appropriate venue, the Court should deny the request to transfer same. In further support of denying the request to transfer venue, the Debtor's books and records are physically located in Florida. If the Bankruptcy Court grants the instant motion and transfers this matter, the Debtor would be required to ship all of the books and records to Pennsylvania for use in the proceeding. Additionally, requiring the Debtor to bear the costs associated with transporting the books and records to Pennsylvania would only cause an already debt laden and cash poor entity to incur further expenses or debt to ship the books and records to Pennsylvania.

47.    Finally, the platform for a Court's venue analysis is provided in Federal Rule of Bankruptcy Procedure 1014 ("Rule 1014). Pursuant to Rule 1014:

> (1) *Cases Filed in Proper District*. If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

> (2) *Cases Filed in Improper District*. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as

directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

48.     In prior matters, Courts have utilized a test in helping analyze whether a case should be transferred to a different venue or remain in the debtor's chosen venue. The elements which Courts have used are the following:

1.  The proximity of creditors of every kind to the Court;

2.  The proximity of the debtors to the Court;

3.  The proximity of the witnesses necessary to the administration of the estate;

4.  The location of the assets;

5.  The economic administration of the estate; and

6.  The necessity for ancillary administration if bankruptcy should result.

*Id.*

49.     As with 28 U.S.C. § 1408, a large majority of the enumerated elements above support the denial of the transfer request. Specifically, only one of the above factors support the transfer of this matter, being the creditor's proximity to this Court. However, even this is debatable, as Zokaites is also a creditor of the Debtor and resides in Florida. However, assuming *arguendo,* this element supports transfer, the remaining elements all support denial of transfer. As argued above, the Debtor is located in the Southern District of Florida, which supports this matter remaining. Additionally, not only are the Debtor's only assets, being its books and records, located in the Southern District of Florida, but the Debtor's principle and only witness required to administer the estate is located in the Southern District of Florida. The last two elements also support denial of transfer, as transfer would create a large economic burden on the Debtor by requiring the unnecessary expense of transporting the books and records to Pennsylvania. Finally, if any ancillary administration is required in this matter, the books and records, the Debtor's principal and any potential witnesses would be located in the Southern District of Florida.

50.     Further, the Debtor would be required to hire and pay for replacement counsel in Pennsylvania to replace the undersigned counsel.

CONCLUSION

51     The factors elucidated in the Benzalz case weigh in favor of proper venue in this district for the instant case. Also, Benzalz is distinguishable from the present case for the reasons

stated herein.  Venue in this district is appropriate in light of Debtor's lack of funds with which to maintain a case in Pennsylvania and the bad faith already shown there by the one contesting creditor.

WHEREFORE, based upon the facts, as set forth above, it is evident the proper venue for the instant Chapter 7 bankruptcy is the Southern District of Florida.  Moreover, the Debtor chose the Southern District of Florida as the appropriate venue, and, as the Court should provide great deference to this choice, the Court should refrain from transferring this matter.

**S I S K I N D , P L L C**

_____/s/ Jeffrey M. Siskind_____
*/s/ Jeffrey M. Siskind*

Jeffrey M. Siskind, Esq.   FBN 138746

Counsel for Debtor

3465 Santa Barbara Drive Wellington, Florida  33414

TELEPHONE (561) 791-9565  FACSIMILE   (561) 791-9581

Emails:   jeffsiskind@msn.com & jeffsiskind@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the foregoing response was furnished on the 18th day of  March, 2024, via CM/ECF to all appropriate parties by CM/ECF including Debtor's Florida bankruptcy counsel and by U.S. Mail, postage prepaid, to all parties who are not authorized to receive notices electronically, all of which are exhibited on the attached Service List.

_____/s/ Jeffrey M. Siskind_____
*/s/ Jeffrey M. Siskind*

Jeffrey M. Siskind, Esq.   FBN 138746

INTENTIONALLY LEFT BLANK; VERIFICATION ON NEXT PAGE

## **VERIFICATION**

I HEREBY VERIFY under penalty of perjury that the facts stated herein are true to the best of my knowledge and belief.

_____

Frank R. Zokaites

State of Florida

City of Fort Lauderdale  BROWARD COUNTY

I HEREBY CERTIFY that on this 18th day of March, 2024 appeared Frank R. Zokaites who identified himself by presenting FL DRIVER LICENSE _____ and who did voluntarily affix his signature hereto in my presence and did/did not take an oath.

DDF

(SEAL)



DAN FORD
Notary Public - State of Florida
Commission # HH 023668
My Comm. Expires Sep 22, 2024
Bonded through National Notary Assn.

_____

Notary Public – State of Florida  DAN FORD

## **S I S K I N D , P L L C**

_/s/ Jeffrey M. Siskind_

Jeffrey M. Siskind, Esq.  FBN 138746
**Attorney for Debtor**
3465 Santa Barbara Drive  Wellington, Florida  33414 TELEPHONE
(561) 791-9565  FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

## <u>SERVICE LIST</u>

Eyal Berger, Esq.
Akerman LLP
201 East Las Olas Blvd, Ste. 1800
Ft. Lauderdale, FL 33301

Leslie S. Osborne, Chapter 78 Trustee
1300 N. Federal Highway, Suite 203
Boca Raton, FL 33432

Office of the United States Trustee
51 S.W First Avenue, Room 1204
Miami, FL 33130

Adams Township
P.O. Box 1230
Mars, PA 16046

Edward Spontak Esq.
437 Grant St., Suite 200
Pittsburgh, PA 15219

Alex and Mary Primus
517 Meadow Lane
Clinton, PA 15026

Mars School District
P.O. Box 1230
Mars, PA 16046

Jacob A. Deane Esq.
437 Grant St., Suite 620
Pittsburgh, PA 15219

Butler County
124 W. Diamond St.
P.O. Box 1208

Butler, PA 16003
Jon R. Perry Esq.
437 Grant St., Suite 200
Pittsburgh, PA 15219